Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PBTM LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FOOTBALL NORTHWEST LLC and NFL PROPERTIES LLC,<br><br>    Defendants. | NO. 2:19-cv-2081-RSM<br><br>REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT<br><br>**NOTE ON MOTION CALENDAR:<br>April 16, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. LEGAL ANALYSIS ................................................................................................. 2

    A. Dismissal of PBTM's Antitrust Claims is Appropriate Both Because Enforcing Trademark Rights Does Not Violate the Antitrust Laws, and PBTM Fails to Allege, Much Less Demonstrate, Harm to Consumers ........... 2

        1. Rule 12(g) does not preclude NFLP and the Seahawks from requesting dismissal under Rule 12(b)(6) of claims the Court previously dismissed in response to NFLP's and the Seahawks' first motions to dismiss ............................................................................. 2

        2. NFLP's and the Seahawks' trademark enforcement efforts are as a matter of law not antitrust violations ......................................................... 3

        3. PBTM's reliance on harm to itself, coupled with its failure to allege or show harm to consumers, mandates dismissal of its antitrust claims ................................................................................................ 4

    B. PBTM's Opposition Incorrectly Blurs the Distinctions Between the Roles of Federal Courts Versus the TTAB, as Well as the Scope of the Relief This Court Could Grant ....................................................................... 7

        1. District Courts lack the ability to order that trademark applications filed under 15 U.S.C. § 1051(b) be issued ................................................ 8

        2. Because Count One only addresses intent to use applications, not only is infringement impossible at this point, but no way exists to even ascertain the contours of a possible, future infringement suit ........ 9

        3. Because infringement litigation is not presently possible, much less imminent, Count Two should be dismissed for lack of subject matter jurisdiction .................................................................................. 10

    C. PBTM's Trademark Infringement Claims Against NFLP Should be Dismissed Given the Lack of Allegations that NFLP Owns, Sells, or Uses Trademarks Relating to "12" ........................................................... 11

III. PBTM'S FAC SHOULD BE DISMISSED WITH PREJUDICE ............................ 12

IV. CONCLUSION ................................................................................................... 12

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - i
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

| | |
|---|---|
| 1 | **TABLE OF AUTHORITIES** |

**CASE LAW**

*AGC of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519 (1983).............5, 6

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, (9th Cir. 2014) ...................................................................................................10

*Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of California*, 190 F.3d 1051 (9th Cir. 1999).........5

*Atl. Richfield v. USA Petroleum*, 495 U.S. 328 (1990) ....................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..........................................................6, 11

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977)...............................6

*Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104 (1986) ....................................6

*Center for Biological Diversity v. U.S. Forest Service*, 925 F.3d 1041 (9th Cir. 2019) ...............................................................................................................11

*Clorox Co. v. Sterling Winthrop, Inc.*, 117 F.3d 50 (2d Cir. 1997)...............................3, 4

*Conservation Force v. Salazar*, 677 F. Supp. 2d 1203 (N.D. Cal. 2009)........................7

*Entrepreneur Media, Inc. v. Dermer*, ACV 18-1562 JVS (KESx), 2019 WL 4187466, at *3-4 (C.D. Cal. July 22, 2019) ................................................................4

*Farm Credit Services v. American State Bank*, 339 F.3d 765 (8th Cir. 2003) .................6

*Flast v. Cohen*, 392 U.S. 83 (1968)................................................................................11

*Guichard v. Mandalay Pictures, LLC*, C 04-4363 JSW, 2005 WL 2007883, at *3 (N.D. Cal. Aug. 22, 2005) ..............................................................................................3

*Harrell v. City of Gilroy*, 17-CV-05204-LHK, 2019 WL 452039, at *9 (N.D. Cal. Feb. 5, 2019) ................................................................................................3

*Interior Electric Inc. Nevada v. T.W.C. Construction, Inc.*, 2:18-cv-01118-JAD-VCF, 2020 WL 5983882 (D. Nev. Oct. 8, 2020) ........................................................2, 3

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ...........................................7

*Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023 (W.D. Wash. 2019).........................5

*Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127 (E.D. Cal. 2013).............................6

*Merit Healthcare Int'l, Inc. v. Merit Med. Sys., Inc.*, 721 Fed. App'x 628 (9th Cir. 2018) ...............................................................................................................10

*NFL Props., Inc. v. Wichita Falls Sportswear, Inc.*, 532 F. Supp. 651 (W.D. Wash. 1982)........................................................................................................3

*Perinatal Medical Group, Inc. v. Children's Hosp. Cent. California*, CV F 09–1273 LJO GSA, 2009 WL 3756367, at *3 (E.D. Cal. Nov. 6, 2009)..........................6

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - ii
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

*Pixels.com, LLC v. Instagram, LLC*, No. 15-cv-03610-VC, 2015 WL 10943591,
  at *1 (N.D. Cal. Dec. 21, 2015) ................................................................................ 4

*Prods. Liab. Ins. Agency, Inc. v. Crum & Forster Ins. Cos.*, 682 F.2d 660
  (7th Cir. 1982) ........................................................................................................... 5

*Realty Experts Inc. v. RE Realty Experts, Inc.*, 11–CV–1546 JLS (CAB), 2012
  WL 699512, at *2 (S.D. Cal. Mar. 1, 2012) ............................................................. 10

*Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421 (9th Cir. 1995) .......................... 5, 6

*Reiter v. Sonotone*, 442 U.S. 330 (1979) .......................................................................... 5

*Rolex Watch U.S.A., Inc. v. PRL USA Holdings, Inc.*, 114 U.S.P.Q.2d 1705, 2015
  WL 1909837 (S.D. N.Y. 2015) ............................................................................... 10

*Salameh v. Tarsadia Hotel*, 726 F.3d 1124 (9th Cir. 2013) ......................................... 7, 12

*Shorter v. Los Angeles Unified School Dist.*, CV 13–3198 ABC (AJW), 2013 WL
  6331204, at *5 (C.D. Cal. Dec. 4, 2013) .................................................................... 7

*The Pls.com, LLC v. The Nat'l Assoc. of Realtors*, 2:20-cv-04790-JWH-
  RAOx, 2021 WL 369545, at *7 (C.D. Cal. Feb. 2, 2021) ............................... 6, 7, 12

*Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745 (5th Cir. 2009) .............................. 10

*Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033 (9th Cir. 2006) ............................... 7

**STATUTES**

15 U.S.C. § 1051 ................................................................................................................ 8

**RULES**

Fed. R. Civ. P. 12 ..................................................................................................... 2, 3, 6

**OTHER**

3 *McCarthy on Trademarks and Unfair Competition* § 20:1
  (5th ed. Mar. 2021 Update) ....................................................................................... 9

3 *McCarthy on Trademarks and Unfair Competition* § 20:99
  (5th ed. Mar. 2021 Update) ....................................................................................... 9

6 *McCarthy on Trademarks and Unfair Competition* § 31:97 and 31:102 (5th ed.) ........ 4

Charles Alan Wright, FEDERAL COURTS 34 (1963) ......................................................... 11

R. Bork, the Antitrust Paradox 66 (1978)) ........................................................................ 5

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S
MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED
COMPLAINT - iii
(19-cv-2081-RSM)

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

PBTM's[1] Opposition (ECF 51) fails to alter the basic reality that the Court should dismiss the FAC, like it did PBTM's third amended complaint, for the following reasons:

*Antitrust*. PBTM's antitrust claims should be dismissed on at least two bases:

First, as a matter of law neither possessing nor asserting trademark rights constitutes an antitrust violation. Despite that, PBTM continues to allege that NFLP's and the Seahawks' refusal to allow PBTM to utilize the Seahawks' trademarks alongside its own violates antitrust laws. But NFLP administering its licensing program for the 32 National Football League teams' intellectual property does not violate any antitrust laws. PBTM's antitrust claims should accordingly be dismissed.

Second, antitrust laws serve to protect *consumers* against the harms of anticompetitive conduct. Antitrust plaintiffs must allege evidentiary facts showing consumer harm to have antitrust standing. PBTM wants to ignore that principle and rely solely on damages it allegedly suffered as a competitor to support its antitrust claims. PBTM's inability to allege harm to consumers is a separate and independent basis to dismiss Counts Four through Seven.

*Subject Matter Jurisdiction*. It is PBTM's obligation to establish subject matter jurisdiction for each of its claims, including Counts One and Two. It attempts to do so by asking the Court to resolve trademark registration and validity claims. However, the Court cannot order registration of a trademark never used in commerce. And because the marks are not being used, no infringement suit is at present possible. The Court should accordingly dismiss Counts One and Two given they lack subject matter jurisdiction.

*Trademark Infringement*. To prevail on a trademark infringement claim against NFLP PBTM must show NFLP is actively using a trademark in commerce such that consumers are being confused. However, no one claims NFLP owns any of the trademarks in this case, and

---

[1] For continuity, NFLP will use the same abbreviations and defined terms as it did in its Motion.

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 1
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

PBTM has never alleged that any specific product NFLP allegedly sells uses any of the marks at issue. Dismissal of Count Eight against NFLP is accordingly appropriate.

The Court previously dismissed nearly all of PBTM's claims, and gave it a sixth chance to file a complaint that has legal validity. The FAC failed to fix the problems identified by the Court. At this stage, further amendment is futile, and dismissal with prejudice is the only appropriate remedy.[2]

## II. LEGAL ANALYSIS

### A. Dismissal of PBTM's Antitrust Claims is Appropriate Both Because Enforcing Trademark Rights Does Not Violate the Antitrust Laws, and PBTM Fails to Allege, Much Less Demonstrate, Harm to Consumers

#### 1. Rule 12(g) does not preclude NFLP and the Seahawks from requesting dismissal under Rule 12(b)(6) of claims the Court previously dismissed in response to NFLP's and the Seahawks' first motions to dismiss.

PBTM's claim that Fed.R.Civ.P. 12(g) prevents NFLP and the Seahawks from moving to dismiss its antitrust arguments should be summarily rejected. PBTM's argument fundamentally misrepresents the holding of *Interior Electric Inc. Nevada v. T.W.C. Construction, Inc.*,[3] the sole case on which it relies.

In *Interior Electric*, three defendants filed motions to dismiss with regard to some but not all of the causes of actions in plaintiff's complaint. Like this Court did in ECF 46, the court dismissed claims without prejudice, and allowed the plaintiff to file an amended complaint.[4] The three defendants then again moved to dismiss under Rule 12(b)(6). This time, however, the defendants expanded the scope of the motion to include causes of action present when the first motions were filed, but that were left out of the previous motions.

In response the plaintiff invoked Rule 12(g)(2). The court agreed with the plaintiff regarding those causes of action that could have been, but were not, included in the previous

---

[2] NFLP joins with the Reply being concurrently filed by the Seahawks.

[3] 2:18-cv-01118-JAD-VCF, 2020 WL 5983882 (D. Nev. Oct. 8, 2020).

[4] *Interior Electric Inc. Nevada*, 2020 WL 5983882, at *2-3.

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 2
(19-cv-2081-RSM)

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

motions. However, the court rejected Rule 12(g)(2)'s applicability to those causes of action that were dismissed without prejudice, explaining that: "Defendants are thus again permitted to seek dismissal of those claims against Ryba and Wilmer, assuming Interior Electric did not remedy its pleading defects. So I consider these arguments on their merits."[5]

Here, NFLP and the Seahawks each previously moved to dismiss PBTM's antitrust claims, and the Court granted those requests without prejudice.[6] Nothing in Rule 12(g) jurisprudence precludes NFLP and the Seahawks from again moving for dismissal of antitrust claims that remain facially deficient. And in fact, PBTM's argument, taken to its logical extreme, would result in the absurd result that any time in response to a Rule 12(b)(6) motion a court dismisses a cause of action without prejudice and with leave to amend, the defendant would have no ability to move to dismiss the revised claim regardless of its legal deficiencies. That is neither the intent nor policy of Rule 12(g), and the Court should consider the merits of NFLP's and the Seahawks' contentions regarding PBTM's deficient antitrust claims.

### 2. NFLP's and the Seahawks' trademark enforcement efforts are as a matter of law not antitrust violations.

PBTM's Opposition failed to acknowledge the well-settled rule that: "As a matter of law, possessing and asserting priority of trademark rights does not harm competition in the market associated with the mark."[7] Instead, PBTM relies on allegations in the FAC that the Seahawks and NFLP recognized the fact that PBTM has no right to manufacture or market goods bearing the Seahawks' trademarks absent a license from NFLP (which it has never

---

[5] *Interior Electric Inc. Nevada*, 2020 WL 5983882, at *4. *See also Harrell v. City of Gilroy*, 17-CV-05204-LHK, 2019 WL 452039, at *9 (N.D. Cal. Feb. 5, 2019) (denying in part a 12(b) motion under Rule 12(g)(2) but considering on the merits a motion to dismiss a claim that had been previously dismissed without prejudice and with leave to amend pursuant to a Rule 12(b) motion).

[6] ECF 46, 30:22 to 31:2 and 35:18-20.

[7] *Guichard v. Mandalay Pictures, LLC*, C 04-4363 JSW, 2005 WL 2007883, at *3 (N.D. Cal. Aug. 22, 2005) (citing *Clorox Co. v. Sterling Winthrop, Inc.*, 117 F.3d 50, 56 (2d Cir. 1997)). *See also NFL Props., Inc. v. Wichita Falls Sportswear, Inc.*, 532 F. Supp. 651, 663 (W.D. Wash. 1982) (Coughenour, J.).

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 3
(19-cv-2081-RSM)

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

requested)[8] or permission from the Seahawks (which they have no obligation to give), and the Seahawks and NFLP acted accordingly to protect established trademark rights. As discussed below those facts fail to constitute an antitrust injury, and as such cannot establish a prima facie antitrust case.[9] Given that, PBTM's antitrust claims fail as a matter of law and should be dismissed.[10]

### 3. PBTM's reliance on harm to itself, coupled with its failure to allege or show harm to consumers, mandates dismissal of its antitrust claims.

PBTM concedes in its Opposition that one of the elements of a valid antitrust claim is injury to competition.[11] It then claims to have sufficiently pleaded this element because: "The FAC clearly alleges that PBTM was, and could be, a competitor of the defendants in the Market."[12] That PBTM would adopt this position is no surprise given the following allegations from the FAC, which permeate all four of PBTM's antitrust claims:

> "The Antitrust Laws are Intended to Prevent this Competitive harm. ***The injury suffered by PBTM*** due to Defendants [*sic.*] anti-competitive, unreasonable conduct described in Secs. IV. D. 1. and 2. is the type of injury that the cited state and federal antitrust laws are intended to prevent."[13]

---

[8] PBTM asserts in its Opposition that it has no need to license its own trademarks. ECF 51, 23:4-6. That statement misses the point. The FAC's central antitrust premise is that NFLP and the Seahawks harmed PBTM by preventing it from using its own trademarks *and* the Seahawks' such that consumers would think that PBTM's goods are the Seahawks' or approved by the Seahawks. But PBTM fails to show the Seahawks have an obligation to allow PBTM to do so, much less how NFLP has the right or ability to allow PBTM to do so.

[9] *See Pixels.com, LLC v. Instagram, LLC*, No. 15-cv-03610-VC, 2015 WL 10943591, at *1 (N.D. Cal. Dec. 21, 2015) (holding that plaintiff could not plausibly allege that defendant's trademark enforcement actions against plaintiff caused an antitrust injury) (citing *Clorox Co.*, 117 F.3d at 56).

[10] *Entrepreneur Media, Inc. v. Dermer*, ACV 18-1562 JVS (KESx), 2019 WL 4187466, at *3-4 (C.D. Cal. July 22, 2019); 6 *McCarthy on Trademarks and Unfair Competition* § 31:97 and 31:102 (5th ed.).

[11] ECF 51, 23:9-13 (citing cases).

[12] ECF 51, 24:9-10 (citing ECF 47, ¶¶53, 54, and 56). PBTM's assertion that NFLP claims that: "PBTM lacks standing to bring its antitrust claims because it is a competitor, not a consumer" is simply incorrect. ECF 51, 22:18-19. The problem is not that PBTM is a competitor, but rather, as discussed below, that antitrust cases require specific allegations of harm to consumers, which PBTM failed to include in the FAC or its Opposition.

[13] ECF 47, ¶64 (emphasis added).

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 4 (19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

> "This conduct has affected interstate commerce by *robbing PBTM of its business*, which has caused it great economic harm. *The injury to PBTM is direct.*"[14]
>
> "This conduct has affected commerce in the state of Washington by *robbing PBTM of its business*, which has caused it great economic harm. *The injury to PBTM is direct.*"[15]
>
> "This conduct has affected interstate commerce by *robbing PBTM of its business*, which has caused it great economic harm. *The injury to PBTM is direct.*"[16]
>
> "This conduct has affected commerce in the state of Washington by *robbing PBTM of its business*, which has caused it great economic harm. *The injury to PBTM is direct.*"[17]

Even if taken as true (and they are not), the above allegations are facially insufficient to support an antitrust claim. "Congress designed the Sherman Act as 'a consumer welfare prescription.'"[18] It therefore does not follow that merely because a competitor is excluded from a market it suffers a cognizable antitrust injury because: "It is well established that the antitrust laws are only intended to preserve competition for the benefit of consumers."[19]

As a result, even assuming for the sake of argument that PBTM has been excluded from a cognizable antitrust market (and it has not), PBTM still must show that the harm it allegedly suffered also harmed consumers given that: "It is well established that the antitrust laws are only intended to preserve competition for the benefit of consumers."[20] As explained in an opinion from the Central District of California earlier this year:

> Thus, even when a challenged restraint has the effect of eliminating a rival, thereby reducing competition (at least with that rival), *the elimination of a rival without harm to consumer welfare does not invoke the Sherman Act*.

---

[14] ECF 47, ¶84 (emphasis added).

[15] ECF 47, ¶90 (emphasis added).

[16] ECF 47, ¶94 (emphasis added).

[17] ECF 47, ¶99 (emphasis added).

[18] *Reiter v. Sonotone Corp.*, 442 U.S. 330, 343 (1979) (quoting R. Bork, The Antitrust Paradox 66 (1978)).

[19] *AGC of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 538 (1983). *See also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1033 (W.D. Wash. 2019) (*citing Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of California*, 190 F.3d 1051, 1055 (9th Cir. 1999)).

[20] *Am. Ad Mgmt., Inc.*, 190 F.3d at 1055.

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 5
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

*See Rebel Oil Co.*, 51 F.3d at 1433 (citing *Prods. Liab. Ins. Agency, Inc. v. Crum & Forster Ins. Cos.*, 682 F.2d 660, 663 (7th Cir. 1982)); *see also Reiter*, 442 U.S. at 343. ***A private antitrust plaintiff must allege a plausible connection between the harm to itself and harm to the ultimate consumer.*** *See Atl. Richfield*, 495 U.S. at 340–42. In sum, to allege a plausible antitrust injury, a private plaintiff must allege facts that, assumed to be true, show that the plaintiff's injuries are caused by an anticompetitive aspect of the defendant's conduct *that also injures competition* **and consumers**. *See id.* at 334–35 & 342–44; *Rebel Oil Co.*, 51 F.3d at 1445; *see also Cargill*, 479 U.S. at 109–110; *Brunswick*, 429 U.S. at 489.[21]

PBTM made no effort in the FAC to link the harm it serially alleges it suffered to harm to consumers. The closest PBTM comes to doing so is by baldly asserting in its Opposition that: "The FAC states that PBTM's loss stems from the competition-reducing aspect of the defendants' behavior that eliminated them as a competitor which, in turn injures competition and consumers."[22] However, the cited paragraphs of the FAC say nothing about consumer harm, instead focusing on harm to PBTM, and they certainly fail to allege evidentiary facts sufficient to allow the Court to conclude that PBTM can fulfill the basic antirust requirement of showing actual, concrete consumer harm.

In sum, the jump from PBTM claiming financial losses due to exclusion from the Market to consumers being harmed is exactly what the Court should not presume under Rule 12(b)(6).[23] Particularly given that PBTM is on the sixth version of its complaint, it had an obligation to allege in the FAC "enough facts to state a claim to relief that is plausible on its face."[24] This standard "requires more than labels and conclusions, and a formulaic recitation

---

[21] *The Pls.com, LLC v. The Nat'l Assoc. of Realtors*, 2:20-cv-04790-JWH-RAOx, 2021 WL 369545, at *7 (C.D. Cal. Feb. 2, 2021) (emphasis added).

[22] ECF 51, 22:1-3 (citing to ECF 47, ¶¶52-56).

[23] *Perinatal Medical Group, Inc. v. Children's Hosp. Cent. California*, CV F 09–1273 LJO GSA, 2009 WL 3756367, at *3 (E.D. Cal. Nov. 6, 2009) ("A court is 'free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.'") (quoting *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted)); *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1135 (E.D. Cal. 2013) ("A court … must not 'assume that the [plaintiff] can prove facts that it has not alleged….'") (quoting *AGC of California*, 459 U.S. at 526).

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 6
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

of the elements of a cause of action will not do."[25] PBTM's lack of actual facts regarding how or why consumers have been allegedly been harmed simply fails to rise to this level.

Enforcing this standard is particularly critical in antitrust cases, because "discovery in antitrust cases frequently causes substantial expenditures and gives the plaintiff the opportunity to extort large settlements even where he does not have much of a case."[26] Complaints that lack specific evidentiary factual allegations do not state a claim upon which relief can be granted and should be dismissed, particularly where, as here, the parties previously engaged in "substantive meet-and-confer efforts" which resulted in the plaintiff having multiple opportunities to rectify deficiencies in its complaint through amendment.[27]

**B.  PBTM's Opposition Incorrectly Blurs the Distinctions Between the Roles of Federal Courts Versus the TTAB, as Well as the Scope of the Relief This Court Could Grant**

While PBTM's opposition accuses the Seahawks (and presumably NFLP) of "hopelessly muddl[ing] trademark principles,"[28] it is in fact PBTM that tries to distract the Court from applicable legal principles in the vain hope the Court will overlook the reality that subject matter jurisdiction does not exist either for Count One, which addresses trademark

---

[25] *Bell Atl. Corp.*, 550 U.S. at 555.

[26] *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).

[27] *The Pls.com, LLC*, 2021 WL 369545, at *11-12 (citing *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)).

[28] ECF 51, 5:8. The portion of PBTM's Opposition addressing subject matter jurisdiction is exclusively directed at the Seahawks' Motion, rather than NFLP's, with repeated references in the Opposition to "FNW" aka the Seahawks but not NFLP. To the extent PBTM failed to address issues in NFLP's Motion, for example those raised in footnotes 64 and 66, NFLP asks the Court to hold "the claim[s] [are] deemed waived." *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009). *See also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding where plaintiff's opposition "failed to address any of the arguments presented" in the defendant's motion to dismiss, "the district court had no reason to consider the contention" that the claim in question "could not be dismissed," and the plaintiff "effectively abandoned the claim" before the district court, thereby also forfeiting the right to raise it on appeal); *Shorter v. Los Angeles Unified School Dist.*, CV 13–3198 ABC (AJW), 2013 WL 6331204, at *5 (C.D. Cal. Dec. 4, 2013) (same).

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S
MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED
COMPLAINT - 7
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

applications currently pending before the TTAB, or Count Two, which requests cancellation of trademarks the USPTO already issued to the Seahawks.[29]

### 1. District Courts lack the ability to order that trademark applications filed under 15 U.S.C. § 1051(b) be issued.

In Count One PBTM asks this Court to declare that it is "entitled to issuance of a U.S. Trademark for the trademarks at issue" in this case.[30] This Court lacks such power under the Lanham Act, a fact PBTM unsuccessfully attempts to avoid in its Opposition – in part by referring to the 2014 Agreement[31] – and as a result Count One should be dismissed.

Under 15 U.S.C. § 1051, trademark applications can be filed on one of two bases. The first, which is inapplicable to Count One, relates to trademarks that are being "used in commerce" by the applicant at the time the application is filed.[32] The second basis covers trademarks for which the applicant has not already used, but "has a bona fide intention" to use "in commerce" in the future.[33] These are commonly referred to as intent to use applications. If the USPTO allows an intent to use application, the owner then has up to three years under 15 U.S.C. § 1051(d)(1) to demonstrate actual use by filing proof with the USPTO; it is only after such proof of use is provided that a registration will issue. However, where, as here, a party like PBTM has not used a trademark in commerce, neither the USPTO, the TTAB, nor a federal court can order a trademark to be issued, because under 15 U.S.C. § 1051 actual use in commerce is a condition precedent to issuance of a trademark registration.

The relief provided by the TTAB in oppositions involving intent to use applications consists of one of two options: the TTAB either refuses the possible eventual registration of

---

[29] As discussed below in connection with Count Eight, as well as in NFLP's Motion, NFLP does not own any of the trademarks at issue in this case.

[30] ECF 47, ¶70.

[31] As NFLP is not a party to the 2014 Agreement, its existence does nothing to create subject matter jurisdiction over claims against NFLP.

[32] 15 U.S.C. § 1051(a)(1).

[33] 15 U.S.C. § 1051(b)(1).

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 8
(19-cv-2081-RSM)

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

the application, or the application is allowed to complete its prosecution before the USPTO. Even if the TTAB finds there will be likelihood of confusion if the mark is eventually used in commerce, the applicant may still go on to use the mark after an adverse TTAB decision. The TTAB has no power to restrict use of a trademark in commerce by an applicant.[34]

In contrast, only the Federal Courts can hold that a mark is infringing. The relief provided by the Federal Courts may include injunctive relief and monetary damages. But PBTM requests neither of those things in Count One, which means this Court lacks subject matter jurisdiction, and should dismiss Count One on this basis alone.

**2. Because Count One only addresses intent to use applications, not only is infringement impossible at this point, but no way exists to even ascertain the contours of a possible, future infringement suit.**

PBTM has yet to demonstrate either that it has used any of the marks covered by Count One in commerce, or even how it intends to do so. Indeed, PBTM meekly asserts in paragraph 53 of the FAC that: "PBTM intends, and is prepared, to compete with Defendants in the Market. If PBTM competed in the Market, it would have the ability to deprive the Defendants of significant levels of business for the Products and the derivative revenues."

But as discussed extensively in NFLP's Motion, PBTM has not even developed products with any of the proposed trademarks at issue, much less used them in commerce. And even more problematically, PBTM has not given the Court, the Seahawks, or NFLP any information to understand how it wants to use the trademarks. Given that, as discussed extensively in NFLP's Motion, the Court can (and should) decline to exercise jurisdiction:

> Any declaratory judgment would risk making false assumptions about PRL's eventual course of action in commercializing the disputed products, and thus provide no resolution to the dispute. Furthermore, Rolex has raised legitimate concerns about whether the parties can litigate questions of infringement or

---

[34] 3 *McCarthy on Trademarks and Unfair Competition* § 20:1 (5th ed. Mar. 2021 Update); 3 *McCarthy on Trademarks and Unfair Competition* § 20:99 (5th ed. Mar. 2021 Update) ("The Trademark Board is an administrative adjudicatory entity of limited jurisdiction. Its only power is to pass on questions of the registrability of marks.").

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 9
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

> dilution (in connection with the declaratory judgment claim) without evidence flowing from the products' existence in the markets.
>
> Taken together, these concerns cause the court to decline to exercise its declaratory judgment jurisdiction. Rolex's motion to dismiss PRL's counterclaim is accordingly granted.[35]

At present, given the absolute paucity of information, the Seahawks (or NFLP as the Seahawks' authorized representative) are unable to even assert a claim for infringement.

The realities lead to another problem for which PBTM has no answer. PBTM attempts to manufacture jurisdiction by claiming it has a reasonable apprehension of being sued based on letters NFLP and the Seahawks wrote more than four years ago about different marks, before PBTM filed the trademark applications at issue in Count One, and the TTAB oppositions related to PBTM's recent intent to use applications. Moving past the fact that no lawsuit has been filed well over four years after the letters were written, the oppositions filed before the TTAB by definition cannot allege infringement as PBTM claims, both because PBTM has only filed intent to use applications, as well as because PBTM has no specific products or services in commerce upon which the Seahawks could base an infringement lawsuit. Count One should be dismissed on this basis as well.

### 3. Because infringement litigation is not presently possible, much less imminent, Count Two should be dismissed for lack of subject matter jurisdiction.

Count Two also must be dismissed for two additional reasons. First, neither the Lanham Act nor the Declaratory Judgment Act creates subject matter jurisdiction for independent claims involving the cancellation of trademarks.[36] Second, while the real possibility of an infringement lawsuit might invoke the Court's jurisdiction, without PBTM

---

[35] *Rolex Watch U.S.A., Inc. v. PRL USA Holdings, Inc.*, 114 U.S.P.Q.2d 1705, 2015 WL 1909837 (S.D. N.Y. 2015); *see also Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 751 (5th Cir. 2009); *Merit Healthcare Int'l, Inc. v. Merit Med. Sys., Inc.*, 721 Fed. App'x 628, 630-31 (9th Cir. 2018).

[36] *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014) (Lanham Act); *Realty Experts Inc. v. RE Realty Experts, Inc.*, 11–CV–1546 JLS (CAB), 2012 WL 699512, at *2 (S.D. Cal. Mar. 1, 2012) (Declaratory Judgment Act).

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 10
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

actually introducing goods with allegedly infringing marks into commerce, no infringement lawsuit is even possible, as any relief would be purely advisory, and: "The rule against advisory opinions is 'the oldest and most consistent thread in the federal law of justiciability,' reflecting the same core considerations that underlie the justiciability doctrine more generally."[37] Count Two should accordingly be dismissed.

**C. PBTM's Trademark Infringement Claims Against NFLP Should be Dismissed Given the Lack of Allegations that NFLP Owns, Sells, or Uses Trademarks Relating to "12"**

PBTM's Opposition fails to seriously dispute that as a matter of law NFLP has no liability for trademark infringement in this case. As NFLP explained in its Motion, while PBTM and the Seahawks each allege ownership of various trademarks involving "12", PBTM fails to allege that NFLP owns, sellers, or uses trademarks applicable to this case. Accordingly, PBTM's claim that NFLP has infringed its purported trademark rights must fail.

In the simplest possible terms NFLP does not own an "imitating mark" bearing 12, nor has PBTM ever alleged that it does. The FAC also fails to allege another basic element of a trademark infringement claim given it does not identify any allegedly infringing products NFLP allegedly sells.

As with its antitrust claims, PBTM's trademark infringement claims against NFLP must be dismissed because they do not allege "enough facts to state a claim to relief that is plausible on its face."[38] PBTM has made no serious attempt to meet its pleading standard which: "requires more than labels and conclusions," as "a formulaic recitation of the elements of a cause of action will not do."[39]

---

[37] *Center for Biological Diversity v. U.S. Forest Service*, 925 F.3d 1041, 1047 (9th Cir. 2019) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (quoting Charles Alan Wright, FEDERAL COURTS 34 (1963)).

[38] *Bell Atl. Corp.*, 550 U.S. at 570.

[39] *Bell Atl. Corp.*, 550 U.S. at 555.

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 11
(19-cv-2081-RSM)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

### III. PBTM'S FAC SHOULD BE DISMISSED WITH PREJUDICE

In its Opposition, PBTM takes umbrage to any implication that: "the number of complaints filed by PBTM is somehow an indication of the weakness of PBTM's claims."[40] The problem is not simply that PBTM is on the sixth version of its complaint, but also that the lawsuit as a whole lacks merit, and despite the fact that first the Seahawks and NFLP and later the Court provided PBTM guidance on specific deficiencies it needed to rectify, the sixth version is no more plausible than any of its predecessors. Allowing a fifth amended complaint, the seventh version overall, would be futile, and this case should be dismissed with prejudice, particularly given how many opportunities PBTM has had to amend its complaint.[41]

### IV. CONCLUSION

The FAC alleges facts for which no relief is available. Further amendment will not alter that reality. Dismissal without leave for PBTM to file a seventh complaint is the only appropriate outcome.

DATED this 16th day of April, 2021.

CARNEY BADLEY SPELLMAN, P.S.

By: _____
Kenneth W. Hart, WSBA #15511
Mark Rosencrantz, WSBA #26552
Ashley Long, WSBA #45738
Randolph J. Johnson, WSBA #50129
Attorneys for NFL Properties LLC

---

[40] ECF 51, 3 at n.5.

[41] *See, e.g., Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (explaining that district courts have "particularly broad" discretion to deny leave to amend where the plaintiff has previously amended); *The Pls.com, LLC*, 2021 WL 369545, at *11 (dismissing antitrust case and denying leave to amend where complaint had been amended one time).

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 12
(19-cv-2081-RSM)

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**
Judith A Endejan
ENDEJAN LAW LLC
5109 23nd Avenue West
Everett, WA 98203
Tel: 206-799-4843
jendejan@gmail.com

**Attorneys for Plaintiff**
Anthony M Verna, III
VERNA LAW PC
80 Theodore Fremd Avenue
Rye, NY 10580
Tel: 914-908-6757
anthony@vernalaw.com

**Attorneys for Defendant Football Northwest**
Tim J. Filer
Benjamin Hodges
FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Tel: 206-447-4400
tim.filer@foster.com
ben.hodges@foster.com

DATED this 16th day of April, 2021.

      *s/ Lana Ramsey*
      Legal Assistant

REPLY IN SUPPORT OF DEFENDANT NFL PROPERTIES, LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT - 13
(19-cv-2081-RSM)

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

NFL003-0001 6527906_2